## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| MR. ANTHONY M. GANZ, *et al.*, | : | Case No. 1:19-cv-235 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| PAPPAS RESTAURANTS, INC. D/B/A | : | |
| PAPPADEAUX SEAFOOD KITCHEN, | : | |
| | : | |
| Defendant. | : | |

---

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (Doc. 9)

---

This case is before the Court on the Motion for Summary Judgment (Doc. 9) by

Defendant Pappas Restaurants, Inc. d/b/a Pappadeaux Seafood Kitchen ("Pappas").

Plaintiffs have filed a Response in Opposition (Doc. 10), to which Defendant has filed a

Reply (Doc. 11), making this matter now ripe for the Court's review.

### FACTS

Plaintiffs Anthony M. Ganz ("Mr. Ganz") and his wife, Linda Ganz (collectively,

"Plaintiffs"), filed the present lawsuit alleging that Pappas negligently maintained the

condition of its premises.  (Doc. 4.)  Specifically, Plaintiffs' allege that on September 22,

2018, they went to Pappas' restaurant in Springdale, Ohio to have dinner.  (Doc. 10.)

While waiting to be seated, Mr. Ganz went outside to smoke a cigarette.  But when Mr.

Ganz walked outside, he fell down a set of three brick stairs.  Mr. Ganz admits that

there was nothing wrong with the steps in question.  (Doc. 8-1 at 37:4-17.)  Rather, he

alleges that he fell because it was dark, the stairs were poorly lit, he therefore could not see them, and simply walked off thinking it was a flat surface.  (*Id*. at 30:23-31:19; 37:4-17; Doc. 10.)  After he fell, Mr. Ganz went back into the restaurant, was seated, ordered and ate his meal, paid, and then left.  (*Id*. at 40:20-24.)

Mr. Ganz alleges that he sustained a serious injury to his left shoulder as a result of the fall, which ultimately required surgery.  (Doc. 10.)  Plaintiffs filed suit in Hamilton County Court of Common Pleas on January 15, 2019, alleging two causes of action: count one for negligence and count two for loss of consortium.  (Doc. 4.)  In March 2019, Pappas removed the case to federal court.  (Doc. 1.)  And on November 27, 2019, Pappas filed the present Motion for Summary Judgment.  (Doc. 9.)

In its Motion for Summary Judgment, Pappas raises the additional following facts, all of which are undisputed unless stated otherwise.  Although Mr. Ganz is uncertain what time he arrived at the restaurant, he fell before he was seated for dinner and the receipt for Plaintiffs' meal shows that they paid at 7:02pm.  (Doc. 8-1, Ex. 2.)  Yet on September 22, 2018, the sunset occurred in Cincinnati, Ohio at 7:34pm.  (Doc. 9 at p. 7.)  Pappas also attaches a screenshot of the restaurant's surveillance video which captures Mr. Ganz walking back into the restaurant immediately after his fall.  (Doc. 9 at p. 7-8.)  As Pappas alleges, the screenshot proves that it was still daylight when Mr. Ganz came back inside after his fall.  (*Id*.)

## LAW

Courts must grant summary judgment if "the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any

2

material fact and the moving party is entitled to a judgment as a matter of law." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing Fed. R. Civ. P. 56(c)).  Once a defendant has met its initial burden of showing that no genuine issue of material fact remains, the plaintiff must present "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Although "a court must view the facts and any inferences that can be drawn from those facts ... in the light most favorable to the nonmoving party," *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir.2007), this requirement does not mean that the court must find a factual dispute where record evidence contradicts Plaintiff's wholly unsupported allegations.  "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir.1992) (*citing Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir.1986)).  The plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).  Rather, the plaintiff must present "significant probative evidence ... on which a reasonable jury could return a verdict" in their favor. *Chappell v. City of Cleveland*, 585 F.3d 901, 913 (6th Cir. 2009).

## ANALYSIS

### I.    Negligence

"In order to prove a claim of negligence, Plaintiff must demonstrate each of the following: (1) the existence of a legal duty, (2) the defendant's breach of that duty, and

3

(3) injury that is the proximate cause of the defendant's breach." *Clay v. U-Haul Co. of Massachusetts & Ohio Inc.*, No. 2:18-CV-1050, 2019 WL 6496942, at *3 (S.D. Ohio Dec. 3, 2019) (internal citations omitted).

It is undisputed that Mr. Ganz was considered an invitee under Ohio law. As such, Pappas owed Mr. Ganz a duty of ordinary care in maintaining the premises in a reasonably safe condition and a duty to warn of latent or hidden dangers. *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 80, 788 N.E.2d 1088, 1089, ¶5 (2003). However, a business owner owes no duty to individuals lawfully on the premises regarding dangers that are open and obvious. *Id.* The purpose of the open and obvious doctrine is that premises owners may reasonably expect that invitees will discover open and obvious hazards and take appropriate measures to protect themselves. *Id.* (*citing Simmers v. Bentley Constr. Co.*, 64 Ohio St. 3d 642, 644, 597 N.E.2d 504, 506 (1992)). When applicable, the open and obvious doctrine "obviates the duty to warn and acts as a complete bar to any negligence claims." *Id.* "Thus, when a plaintiff is injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence does not exist as a matter of law." *Armstrong*, at ¶ 14-15.

Open and obvious hazards are "those that are so objectively apparent that they serve their own warning and business invitees are expected to 'discover them and protect [themselves] against them.'" *Clay*, 2019 WL 6496942, at *3 (*citing Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589, 590 (Ohio 1968)). The test for whether a hazard is open and obvious is an objective standard that questions whether the alleged hazard is observable by a reasonable person, as opposed to a subjective one based upon

plaintiff's own observation or lack thereof:

> The law uses an objective, not subjective, standard when determining whether a danger is open and obvious. The fact that appellant herself was unaware of the hazard is not dispositive of the issue. It is the objective, reasonable person that must find that the danger is not obvious or apparent.

*Goode v. Mt. Gillion Baptist Church*, 2006-Ohio-6936, 2006 WL 3804534 at *4 (8th Dist.).

The parties agree that, under Ohio law, the "crucial inquiry is whether an invitee exercising ordinary care would have seen and been able to guard against the condition." (Doc. 9; Doc. 10) (*citing Zitron v. Sweep-A-Lot*, 2010-Ohio-2733, 2010 WL 2395703, *3 (10th Dist.).) Pappas, however, contends that it is entitled to judgment as a matter of law for two reasons. First, Pappas argues that—because it was still daylight—the stairs were an open and obvious condition. And second, even if it was dark out, the darkness itself is an open and obvious hazard.

But whether it was dark out or not is entirely irrelevant. *See Clay*, 2019 WL 2019 WL 6496942, at *4 ("To the extent that there may be a genuine issue of material fact as to the degree of darkness, summary judgment is appropriate…"). This is because "Ohio courts have consistently recognized that darkness is an open and obvious condition" in and of itself. *Id. See also Jeswald v. Hutt*, 15 Ohio St.2d 224, 239 N.E.2d 3, syllabus ¶ 3 (1968) ("Darkness is always a warning of danger, and for one's own protection it may not be disregarded.").

Our court recently discussed this same issue in *Clay*, 2019 WL 6496942, wherein we granted summary judgment in favor of the defendant when the plaintiff fell inside a self-storage facility equipped with motion activated light fixtures. *Id.* at *2.  Like Mr.

Ganz, the *Clay* plaintiff alleged that the storage facility was negligent in "failing to provide adequate lighting… [which] proximately caused Plaintiff's injuries." *Id.* at *3. The Court held that the defendant owed the plaintiff "no duty with regard to the darkness of the room because the darkness was an open and obvious hazard," but a factual question remained as to how dark it was. *Id.* at *5. However, the Court held that such a factual question was irrelevant:

> If it was light enough to see, [plaintiff] could have observed the table in her path and thus, the table was an open and obvious condition. If it was too dark to see, the darkness was an open and obvious condition [plaintiff] disregarded as she chose to walk forward. Thus, in either scenario, Defendant had no duty, and was not negligent.

*Id. See also, e.g., McDonald v. Marbella Rest., et al.*, 2008-Ohio-3667, 2008 WL 2836157 (8th Dist.) (finding that when a plaintiff proceeded to step onto a stair despite it being dark, and fell, the darkness of the stair was an open and obvious condition absolving the defendant of liability); *Mayhew v. Massey*, 2017-Ohio-1016, 86 N.E.3d 758 (7th Dist.) (same); *Tomasko v. Sohnly*, 2016-Ohio-2698, 2016 WL 1643036 (5th Dist.) (same); *Estate of Helle v. Hensley*, 2011-Ohio-4279, 2011 WL 3808113 (6th Dist.) (same); *Williams v. Strand Theatre & Cultural Arts Association, Inc.*, 2019-Ohio-95, 2019 WL 193654 (5th Dist.) (same); *Johnson v. Regal Cinemas, Inc.*, 2010-Ohio-1761, 2010 WL 1611010 at *3 (8th Dist.) (same).

Ohio's voluminous case law on this precise issue demonstrates that Pappas is entitled to summary judgment. Mr. Ganz admits that the stairs were not defective and that, had it not been dark outside, he would have been able to see the steps and would not have fallen. (Doc. 8-1 at 30:23-31:19; 37:4-17.) In fact, Plaintiffs do not point to any other cause for Mr. Ganz's fall besides the darkness. Here, even though there are

6

serious doubts as to whether it was even dark outside, assuming that it was, Mr. Ganz

then faced two hazards: the stairs and the darkness.  If there was enough light to see the

stairs, Mr. Ganz would have observed them in his path and the stairs were therefore an

open and obvious condition.  If it was too dark to see, the darkness was an open and

obvious condition which Mr. Ganz disregarded as he chose to walk forward.  Either

way, Pappas had no duty to warn Mr. Ganz of either open and obvious condition and

cannot be found negligent as a matter of law.

Moreover, "[s]ummary judgment is 'put up or shut up' time." *Wagner v.

Sherwin-Williams Co.*, 2015 WL 5174130, at \*3 (E.D. Ky. Sept. 2, 2015), *aff'd*, 647 F. App'x

645 (6th Cir. 2016) (Thapar, A. R.) (*citing Street v. J.C. Bradford & Co.*, 886 F.3d 1472, 1478

(6th Cir. 1989)).  And it is Plaintiffs' obligation to present probative evidence that

supports its complaint. *Liberty Lobby*, 477 U.S. at 249–50.  Yet Plaintiff fails to put forth

any evidence that Pappas failed to maintain its premises, apart from Mr. Ganz's own

self-serving deposition testimony.  And it is well-settled that unsubstantiated, self-

serving statements that are not supported by any documentation or other testimony

cannot defeat summary judgment. *Mosquera v. MTI Retreading Co.*, 745 F. App'x 568, 573

(6th Cir. 2018) (the Sixth Circuit "has repeatedly said that unsubstantiated, self-serving

assertions will not preclude an adequately supported motion for summary judgment

from being granted").

In sum, the Court finds that Mr. Ganz proceeded in the face of an open and

obvious condition, alleviating Pappas of any duty owed to the Plaintiffs.  And when "a

property owner or occupier owes no duty to an invitee where a hazard is open and

obvious, it is unnecessary to consider the issue of breach, damages, and causation."

*Clay*, 2019 WL 6496942 at *7 (*citing Leonard*, 2006 WL 2988483 at *4.)

**II.    Loss of Consortium**

Both the Sixth Circuit and the Supreme Court of Ohio have held that when a claim for loss of consortium is a derivative action, it cannot exist absent the primary claim. *See Monak v. Ford Motor Co.*, 95 Fed. Appx. 758, 768 (6th Cir. 2004.); *Bowen v. Kil-Kare, Inc.*, 63 Ohio St. 3d 84, 92, 585 N.E.2d 384, 392 (1992) ("Where the action for loss of consortium is seen as purely derivative of the original cause of action for the injury, it has been held that once the original cause of action has been released, the action for loss of consortium is also barred.") (*citing* Annotation (1984), 29 A.L.R. 4th 1200, 1201). Here, Plaintiffs' loss of consortium claim is purely derivative, and since the primary claim for negligence has been dismissed, the loss of consortium claim is likewise dismissed.

### CONCLUSION

For the reasons above, Defendant's Motion for Summary Judgment (Doc. 9) is **GRANTED**. Plaintiffs' Complaint is **DISMISSED** with prejudice in its entirety and this case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND

8